IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

```
LOUIS O. CAMPBELL, JR.,         )
                                )
             Plaintiff,         )
                                )
vs.                             )    Case No. 06-1380-MLB
                                )
MICHAEL J. ASTRUE,[1]           )
Commissioner of                 )
Social Security,                )
                                )
             Defendant.         )
_____)
```

RECOMMENDATION AND REPORT

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits. The matter has been fully briefed by the parties and has been referred to this court for a recommendation and report.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner

---

[1] On February 12, 2007, Michael J. Astrue was sworn in as the Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is substituted for Commissioner Jo Anne B. Barnhart as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

1

as to any fact, if supported by substantial evidence, shall be conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  <u>Glenn v. Shalala</u>, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  <u>Ray v. Bowen</u>, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational.  <u>Graham v. Sullivan</u>, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  <u>Glenn</u>, 21 F.3d at 984.

The Social Security Act provides that an individual shall be

determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does

not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

**II. History of case**

On May 15, 2006, administrative law judge (ALJ) Emily

Cameron Shattil issued her decision (R. at 15-23). Plaintiff alleges disability beginning January 13, 2004 (R. at 423).[2] The claimant meets the insured status requirements of the Social Security Act through December 31, 2004 (R. at 15). At step one, the ALJ found that plaintiff had not performed substantial gainful activity since June 15, 2000 (R. at 16). At step two, the ALJ found that the ALJ had the following severe impairments: allergies, non-insulin dependent diabetes, osteoarthritis of the left knee, respiratory problems, arthritis and a history of coronary artery bypass surgery and ischemic cardiomyopathy (R. at 18). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 18-19). After establishing plaintiff's RFC, the ALJ found at step four that plaintiff could perform past relevant work as a cashier and a bartender (R. at 21-22). Therefore, the ALJ concluded that plaintiff was not disabled (R. at 22).

**III. Did the ALJ err in his credibility analysis?**

The framework for the proper analysis of evidence of pain is that the Commissioner must consider (1) whether claimant established a pain-producing impairment by objective medical evidence; (2) if so, whether there is a "loose nexus" between the

---

[2]Plaintiff had initially alleged an onset date of June 15, 2000. However, at the hearing before the ALJ, plaintiff's counsel amended the onset date to January 13, 2004 (R. at 423). The ALJ therefore erred by relying on the original onset date of June 15, 2000 in her decision (R. at 21, 22).

proven impairment and the claimant's subjective allegations of pain; and (3) if so, whether considering all the evidence, both objective and subjective, claimant's pain is in fact disabling. Kepler v. Chater, 68 F.3d 387, 390-91 (10th Cir. 1995); Thompson v. Sullivan, 987 F.2d 1482, 1488-89 (10th Cir. 1993); Luna v. Bowen, 834 F.2d 161, 163-65 (10th Cir. 1987).  If an impairment is reasonably expected to produce some pain, allegations of disabling pain emanating from that impairment are sufficiently consistent to require consideration of all relevant evidence. For example, an impairment likely to produce some back pain may reasonably be expected to produce severe back pain in a particular claimant.  Luna, 834 F.2d at 164.  Symptoms can sometimes suggest a greater severity of impairment than is demonstrated by objective and medical findings alone.  Direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced.  Luna, 834 F.2d at 165.  The absence of an objective medical basis for the degree of severity of pain may affect the weight to be given to the claimant's subjective allegations of pain, but a lack of objective corroboration of the pain's severity cannot justify disregarding those allegations. When determining the credibility of pain testimony the ALJ should consider the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain

relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.  Thompson, 987 F.2d at 1489.

A reviewing court does not weigh the evidence and may not substitute its discretion for that of the agency.  Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence.  However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.  Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).  Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff.  Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence.  So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler.  White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  An ALJ must therefore explain and support with substantial evidence which part(s) of

claimant's testimony he did not believe and why.  <u>McGoffin v. Barnhart</u>, 288 F.3d 1248, 1254 (10th Cir. 2002).  It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not credible.  <u>Hardman v. Barnhart</u>, 362 F.3d 676, 679 (10th Cir. 2004).  On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court.  <u>White</u>, 287 F.3d at 909-910.

    The ALJ's credibility analysis is as follows:

> To the extent that the claimant alleges that he is totally disabled and unable to perform any work activity, he is not credible. Fortunately, his surgery for his coronary artery disease was successful and his ejection fraction has gone from 10% to 30%. The improvement is confirmed by the most recent echocardiogram and his condition is stable. The claimant's work record is only fair. He has held several jobs for rather short periods of time. While he would not be able to return to heavy work, he could perform sedentary or light work activity. None of his various treating sources have indicated that he is disabled and none have given work restrictions or limitations. The claimant's wife works and a mentally challenged daughter lives with them and no doubt requires care and attention. The only prescription medications he takes are for his heart problems. Otherwise, he takes only over-the-counter medication for his allegedly disabling pain. His activities of daily living do not appear to be very limited. There is a mention in the file that he is "retired."(Exhibit 2F page 3)The claimant

>    alleges June 15, 2000 as his alleged onset
>    date of disability but there is nothing in
>    the record to support this contention.

(R. at 21).

Plaintiff correctly points out that the ALJ erroneously relied on June 15, 2000 as the alleged onset date instead of the amended onset date of January 13, 2004. Thus, the issue before the court is whether plaintiff was disabled between January 13, 2004 and December 31, 2004.

The ALJ set forth the specific evidence he relied on in evaluating plaintiff's credibility, including objective medical evidence, plaintiff's work record, his ability to perform sedentary or light work (which is supported in the record by the opinions of the two state agency medical consultants), the fact that none of the treating sources indicated he was disabled or gave him work restrictions or limitations, his use of only over-the-counter medication for his allegedly disabling pain, and his activities of daily living. Although the plaintiff points to medical evidence and other evidence not specifically mentioned by the ALJ, the court cannot reweigh the evidence nor substitute its judgment for that of the agency. White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). The court finds that the ALJ's credibility determination is linked to specific findings of fact fairly derived from the record.

Plaintiff takes issue with the ALJ's reference to

9

plaintiff's work record being only fair and that he held several jobs for rather short periods of time. A claimant's prior work history is one of many factors an ALJ must consider in assessing the credibility of a claimant's subjective complaints of disabling pain. <u>Campbell v. Barnhart</u>, 56 Fed. Appx. 438, 441 (10th Cir. Jan. 24, 2003). Although plaintiff alleges "good and steady wages" from 1985-2000 (Doc. 11 at 6), the record shows considerable fluctuation in wages. Plaintiff's earnings during this time period ranged from $0 to $28,882.46 (1994), including only $84.60 in 1990, $991.26 in 1991, and no earnings in 1999 or 2000 R. at 65, 88). The court finds no clear error by the ALJ in his evaluation of plaintiff's work record.

Plaintiff argues that the ALJ's finding that plaintiff could perform sedentary or light work activity is "patently presumptuous and conclusory" (Doc. 11 at 7). However, the ALJ's RFC findings that plaintiff can lift and carry 20 pounds occasionally and 10 pounds frequently (R. at 21) is supported by both state agency medical consultants (R. at 314, 326).[3] Both state agency medical consultants provided detailed narratives summarizing the evidence and the basis for their RFC findings (R. at 322-324, 334-335). No medical evidence in the record

---

[3]Light work requires the ability to lift no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. 20 C.F.R. § 404.1567(b). Sedentary work requires the ability to lift no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a).

contradicts or disputes these findings. Thus, the court finds that the ALJ's conclusion that plaintiff can perform sedentary or light work is supported by substantial evidence.

The ALJ also noted that none of plaintiff's treating physicians indicated that plaintiff is disabled and none have given him work restrictions or limitations. In the case of <u>Kelley v. Chater</u>, 62 F.3d 335, 338 (10th Cir. 1995), the court noted that no physician opined that Mr. Kelley was disabled, and three physicians opined that he retained the ability to perform some sedentary work. The court concluded that the Commissioner's decision that Mr. Kelley was not disabled was supported by substantial evidence. In the case before the court (Campbell), no physician opined that plaintiff was disabled and two physicians provided detailed explanations in support of their finding that plaintiff could perform sedentary or light work. Thus, the medical evidence of record provides substantial support for the ALJ's findings in this case.

Plaintiff also takes issue with the ALJ's observation that plaintiff used only over-the-counter medication for his allegedly disabling pain. Levels of medication and the extent of attempts to obtain relief are both valid considerations in evaluating a claimant's subjective complaints of disabling pain; this includes a claimant's admission that his only medication is over-the-counter medication to control his pain. The fact that a claimant

took over-the-counter medication rather than prescription medication to deal with his pain provides support for the ALJ's decision that the claimant's pain is not disabling. <u>Bates v. Barnhart</u>, 222 F. Supp.2d 1252, 1261 (D. Kan. 2002). Thus, the court finds no error by the ALJ on this issue.

Finally, plaintiff argues that the ALJ missed out completely on plaintiff's allegations of fatigue. However, the ALJ indicated in his decision that plaintiff testified that his wife drove because he tends to fall asleep and that he falls asleep easily (R. at 21). Thus, the ALJ did acknowledge plaintiff's allegations on this point. However, there is no medical opinion evidence that plaintiff's alleged fatigue would cause limitations in his ability to work. Therefore, the court finds no error by the ALJ on this issue.

**IV. Did the ALJ err in his step four findings?**

At step four, the ALJ is required by social security ruling (82-62) to make findings of fact regarding: 1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity. <u>Henrie v. United States Department of HHS</u>, 13 F.3d 359, 361 (1993). At each of these three phases, the ALJ must make specific findings. <u>Winfrey v. Chater</u>, 92 F.3d

1017, 1023 (10th Cir. 1996).[4] An ALJ can comply with these requirements if he quotes the VE's testimony with approval in support of his own findings at phases two and three of the step four analysis. Doyal v. Barnhart, 331 F.3d 758, 760-761 (10th Cir. 2003).[5] At the second phase of the step four analysis, the

---

[4] In Winfrey, the court noted that the Secretary glossed over the absence of the required ALJ findings by relying on the testimony of the vocational expert (VE) that plaintiff could meet the mental demands of his past relevant work, given his mental limitations as found by the ALJ. The court stated that this practice of delegating to a VE many of the ALJ's fact finding responsibilities at step four appears to be of increasing prevalence and is to be discouraged. The court went on to say as follows:

> Requiring the ALJ to make specific findings on the record at each phase of the step four analysis provides for meaningful judicial review. When, as here, the ALJ makes findings only about the claimant's limitations, and the remainder of the step four assessment takes place in the VE's head, we are left with nothing to review...a VE may supply information to the ALJ at step four about the demands of the claimant's past relevant work...[but] the VE's role in supplying vocational information at step four is much more limited than his role at step five...Therefore, while the ALJ may rely on information supplied by the VE at step four, the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work.

Winfrey, 92 F.3d at 1025.

[5] The ALJ's findings in Doyal were as follows:

> The vocational expert testified that the claimant's past relevant work as a housecleaner and sewing machine operator

13

ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work.  When the ALJ essentially skips the second phase of the step four analysis by not making any findings regarding the physical and mental demands of claimant's past work, either as performed or as it is generally performed in the national economy, then the case shall be remanded in order for the ALJ to make the specific factual findings regarding the demands of claimant's past relevant work. Clardy v. Barnhart, 2004 WL 737486 at *6 (D. Kan. Apr. 5, 2004).

    The ALJ's step four findings are as follows:

> Information contained in Exhibits 1E through 13 and statements made by Louis Campbell during the course of his hearing show that the Claimant's past relevant work as a cashier and bartender did not require exertional or non-exertional abilities beyond those set forth in the residual functional

---

> would be classified as light and unskilled, and her past relevant work as an activities director would be classified as light and semiskilled.... The vocational expert indicated that the claimant's past relevant work as a housecleaner and sewing machine operator did not require lifting more than 20 pounds, walking for prolonged periods, or performing tasks requiring bilateral normal grip strength.

Doyal, 331 F.3d at 760.  The ALJ found that plaintiff could perform past relevant work as a housecleaner and a sewing machine operator.  331 F.3d at 761.  As noted above, the ALJ cited with approval the testimony of the vocational expert concerning the physical demands of the 2 past jobs which the ALJ found that the claimant could still perform.

>           capacity assessment discussed above. Thus,
>           notwithstanding the limitations imposed by
>           his medically determinable impairments the
>           Claimant possesses the residual functional
>           capacity to perform his past relevant work.

(R. at 21-22).

Plaintiff alleges that the ALJ failed to make findings concerning the physical and mental demands of plaintiff's past jobs as a cashier and a bartender.  In her decision, the ALJ did not expressly describe or list the physical or mental demands of plaintiff's jobs as a cashier and a bartender.  However, the ALJ specifically incorporated by reference into her decision a number of exhibits and the testimony of the plaintiff regarding the demands of the job.  Included in the exhibits the ALJ incorporated by reference into her decision were the physical demands of the cashier job as described by the plaintiff as he performed it (R. at 105), and the physical and mental demands of the jobs of cashier and bartender as generally performed in the national economy, as described in the Dictionary of Occupational Titles (R. at 147-148, 166-167).  Because the ALJ incorporated by reference the physical and mental demands of the two jobs into his decision, the court finds that the ALJ substantially complied with the requirement that he make findings setting forth the physical and mental demands of the job.  Nothing in the physical or mental requirements of the job conflict with the RFC findings made by the ALJ.  Furthermore, the vocational expert, relying on

this information, testified that plaintiff could perform past relevant work as a bartender (R. at 441).  Therefore, the court finds that the ALJ's step four determination that plaintiff can perform past relevant work is supported by substantial evidence.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be affirmed.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on October 16, 2007.

s/John Thomas Reid
JOHN THOMAS REID
United States Magistrate Judge